UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>SEAN CUTTING, *et al.*,<br><br>  Defendants. | Case No. 14-cr-00139-SI-1<br><br>**ORDER GRANTING GOVERNMENT'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 345 |

In an order filed January 6, 2017, the Court granted defendant Cutting's motion to dismiss the superseding indictment and dismissed those charges without prejudice. The government seeks clarification that the dismissal is not predicated on a finding of a constitutional violation, and asserts that the Court can dismiss the superseding indictment without prejudice pursuant to Federal Rule of Criminal Procedure 48(b). Rule 48(b) provides that "[t]he court may dismiss an indictment, information, or complaint if unnecessary delay occurs in (1) presenting a charge to a grand jury; . . . or (3) bringing a defendant to trial." Defendants oppose the government's motion, and request that the Court modify its order such that the dismissal of the superseding indictment is with prejudice.

The Court has carefully considered the parties' arguments and the record in this case. Defendant Cutting is correct that his motion to dismiss was brought pursuant to the Sixth Amendment, not Rule 48. However, the Court clearly intended that the dismissal be without prejudice, and the Court erred by not grounding its order in Rule 48. The Court further finds that under the circumstances of this case, it is appropriate to dismiss the superseding indictment pursuant to Rule 48(b), which permits a dismissal without prejudice. *See generally United States v. Hattrup*, 763 F.2d 376, 377 (9th Cir. 1985). As set forth in the January 6, 2017 order, the Court

1  found that the government had unnecessarily delayed in seeking the superseding indictment, and
2  the Court was particularly concerned about the prejudice defendants would experience if forced to
3  proceed to trial in March 2017 on the new charges, given the technical problems with the
4  government's discovery production as well as the new discovery produced regarding the new
5  charges.  That same analysis supports a dismissal without prejudice under Rule 48.

6  Accordingly, the Court GRANTS the government's motion for reconsideration and holds
7  that the dismissal of the superseding indictment is without prejudice and is pursuant to Rule 48(b).

9  **IT IS SO ORDERED**.

11 Dated: February 21, 2017

_____
SUSAN ILLSTON
United States District Judge