UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>SEAN CUTTING, BRIAN MELLAND, and<br>DAVID LONICH,<br><br>       Defendants. | Case No. 14-cr-00139-SI-1<br><br>**JURY INSTRUCTIONS**<br>**(11/27/17 DRAFT)** |

Note:  Instructions 14, 19 and 21 have blanks, which need to be completed by adding specific crimes charged.

**INSTRUCTION NO. 1**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**INSTRUCTION NO. 2**

**CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF**

The indictment is not evidence. The defendants have pleaded not guilty to the charges. Each defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendants do not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

**INSTRUCTION NO. 3**

**DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

**INSTRUCTION NO. 4**

**REASONABLE DOUBT—DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant guilty.

**INSTRUCTION NO. 5**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

**INSTRUCTION NO. 6**

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 7**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 8**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INSTRUCTION NO. 9**

**ACTIVITIES NOT CHARGED**

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment. The defendants are not on trial for any conduct or offense not charged in the indictment.

**INSTRUCTION NO. 10**

**SEPARATE CONSIDERATION OF MULTIPLE COUNTS—MULTIPLE DEFENDANTS**

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or count.

**INSTRUCTION NO. 11**

**ON OR ABOUT—DEFINED**

The indictment charges that the offenses alleged in various counts were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

**INSTRUCTION NO. 12**

**STATEMENTS BY DEFENDANTS**

You have heard testimony that one or more defendants made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**INSTRUCTION NO. 13**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

**INSTRUCTION NO. 14**

**IMPEACHMENT EVIDENCE—WITNESS**

You have heard evidence that [name of witness], a witness, [specify basis for impeachment].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

**INSTRUCTION NO. 15**

**GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS**

You have heard testimony from an informant who was involved in the government's investigation in this case.  Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities.  Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

**INSTRUCTION NO. 16**

**SUMMARIES NOT RECEIVED IN EVIDENCE**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted in evidence and will not

go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

### INSTRUCTION NO. 17

### CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

### INSTRUCTION NO. 18

### TRANSCRIPT OF RECORDING IN ENGLISH

You have heard a recording that has been received in evidence. The display of the video included a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you heard something different from what appeared in the transcript, what you heard is controlling.

### INSTRUCTION NO. 19

### AIDING AND ABETTING

A defendant may be found guilty of [,] even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of [], by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, [] was committed by someone;

8

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of [];

Third, the defendant acted with the intent to facilitate []; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit [].

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

## INSTRUCTION NO. 20
### KNOWINGLY—DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that a defendant knew that his or her acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## INSTRUCTION NO. 21
### MERE PRESENCE

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of [specify crime charged].

The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

**INSTRUCTION NO. 22**

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**INSTRUCTION NO. 23**

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION NO. 24**

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**INSTRUCTION NO. 25**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**INSTRUCTION NO. 26**

**COUNT ONE: CONSPIRACY TO COMMIT BANK FRAUD**

The defendants are charged in Count One of the indictment with conspiring to commit bank fraud in violation of Section 371 of Title 18 of the United States Code.  In order for the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or about 2005, and ending in or about 2010, there was an agreement between two or more persons to commit the crime charged in Count Two (detailed instructions on that crime will follow);

Second, the defendants became members of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act in or after 2005 for the purpose of carrying out the conspiracy, with all of you agreeing as to which overt act or acts.

**INSTRUCTION NO. 27**

**COUNT SIX: CONSPIRACY TO MAKE FALSE STATEMENTS TO THE FDIC**

Defendants Cutting and Melland are charged in Count Six of the indictment with conspiring to make false statements to the Federal Deposit Insurance Corporation in violation of Section 371 of Title 18 of the United States Code. In order for the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or about 2005, and ending in or about 2010, there was an agreement between two or more persons to commit the crime charged in Count Eight (detailed instructions on that crime will follow);

Second, the defendants became members of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act in or after

2005 for the purpose of carrying out the conspiracy, with all of you agreeing as to which overt act or acts.

### INSTRUCTION NO. 28

### COUNT TEN: CONSPIRACY TO COMMIT WIRE FRAUD

The defendants are charged in Count Ten of the indictment with conspiring to commit wire fraud in violation of Section 1349 of Title 18 of the United States Code. In order for the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or about 2009, and ending in or about 2012, there was an agreement between two or more persons to commit the crime charged in Counts Eleven through Sixteen (detailed instructions on that crime will follow); and

Second, the defendants became members of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

### INSTRUCTION NO. 29

### COUNTS ONE, SIX, AND TEN: CONSPIRACY GENERALLY

As to Counts One, Six, and Ten, a conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

**INSTRUCTION NO. 30**

**CONSPIRACY—KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS**

As to Counts One, Six, and Ten, a conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, any defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short

14

period of time.

**INSTRUCTION NO. 31**

**MULTIPLE CONSPIRACIES**

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

**INSTRUCTION NO. 32**

**COUNT TWO: BANK FRAUD**

The defendants are charged in Count Two of the indictment with bank fraud in violation of Section 1344 of Title 18 of the United States Code. There are two distinct methods by which this crime can be committed. Therefore, in order for the defendants to be found guilty of that charge, the government must prove each of the elements beyond a reasonable doubt in: method A or method B or both.

**A**

First, the defendants knowingly executed a scheme to defraud a financial institution as to a material matter;

Second, the defendants did so with the intent to defraud the financial institution; and

Third, the financial institution was insured by the Federal Deposit Insurance Corporation. The phrase "scheme to defraud" means any deliberate plan of action or course of conduct by which someone intends to deceive or cheat a financial institution in order to deprive it of

something of value.  It is not necessary for the government to prove that a financial institution was the only or sole victim of the scheme to defraud.  It is also not necessary for the government to prove that the defendant was actually successful in defrauding any financial institution.  Finally, it is not necessary for the government to prove that any financial institution lost any money or property as a result of the scheme to defraud.

An intent to defraud a financial institution is an intent to deceive or cheat in order to deprive it of something of value.


**B**

First, the defendants knowingly carried out a scheme or plan to obtain money or property from Sonoma Valley Bank by making false statements or promises;

Second, the defendants knew that the statements or promises were false;

Third, the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property;

Fourth, the defendants acted with the intent to defraud; and

Fifth, Sonoma Valley Bank was federally chartered or insured.


**INSTRUCTION NO. 33**

**COUNTS ELEVEN THROUGH SIXTEEN: WIRE FRAUD**

The defendants are charged in Counts Eleven through Sixteen of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  In order for the defendants to be found guilty of those charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendants knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, promises, or omitted facts.  Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendants acted with the intent to defraud, that is, the intent to deceive or cheat;

Fourth, the defendants used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme; and

Fifth, the scheme or plan affected a financial institution.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

To convict defendants of wire fraud based on omissions of material facts, you must find that defendants had a duty to disclose the omitted facts arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate or foreign in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme.

A "financial institution" includes any organization which finances or refinances any debt secured by an interest in real estate, including private mortgage companies and any subsidiaries of such organizations, and whose activities affect interstate or foreign commerce.

**INSTRUCTION NO. 34**

**SCHEME TO DEFRAUD—VICARIOUS LIABILITY**

As to Counts Two and Eleven through Sixteen, if you decide that a defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' reasonably foreseeable actions during the course of and in furtherance of the scheme, even if that defendant did not know what they said or did.

For a defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

**INSTRUCTION NO. 35**

**COUNTS THREE THROUGH FIVE AND THIRTY TWO THROUGH THIRTY SIX:**

**FALSE BANK ENTRIES AND REPORTS**

Defendants Cutting and Melland are charged in Counts Three through Five and Thirty Two through Thirty Six of the indictment with making false bank entries and reports in violation of Section 1005 of Title 18 of the United States Code. In order for the defendants to be found guilty of those charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendants made a false entry in a report or statement of Sonoma Valley Bank;

Second, the defendants knew the entry was false when it was made;

Third, the defendants acted with intent to: (1) injure or defraud the bank; and/or (2) deceive any officer of Sonoma Valley Bank, the Federal Deposit Insurance Corporation, or any agent or examiner appointed to examine the affairs of Sonoma Valley Bank; and

Fourth, the deposits of Sonoma Valley Bank were then insured by the Federal Deposit Insurance Corporation.

**INSTRUCTION NO. 36**

**COUNT SEVEN: MISAPPLICATION OF BANK FUNDS**

18

Defendants Cutting and Melland are charged in Count Seven of the indictment with theft, embezzlement, and misapplication of bank funds in violation of Section 656 of Title 18 of the United States Code. In order for the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendants were officers of, employees of, or connected with Sonoma Valley Bank;

Second, the defendants knowingly and willfully stole, embezzled, or misapplied funds or credits belonging to the bank or entrusted to its care in excess of $1,000;

Third, the defendants acted with the intent to injure or defraud Sonoma Valley Bank;

Fourth, the deposits of Sonoma Valley Bank were then insured by the Federal Deposit Insurance Corporation; and

Fifth, the amount of money taken was more than $1,000.

The fact that the defendant may have intended to repay the funds at the time they were taken is not a defense.

## INSTRUCTION NO. 37

## COUNT EIGHT: FALSE STATEMENTS TO THE FDIC

Defendants Cutting and Melland are charged in Count Eight of the indictment with making false statements to the Federal Deposit Insurance Corporation in violation of Section 1007 of Title 18 of the United States Code. In order for the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendants made or invited reliance on a false, forged, or counterfeit statement, document, or thing to the FDIC;

Second, the defendants made or invited reliance on such a false, forged, or counterfeit statement, document, or thing to the FDIC knowing it was false, forged, or counterfeit; and

Third, the defendants did so for the purpose of influencing in any way the action of the FDIC.

It is not necessary, however, to prove that the FDIC was, in fact, influenced or misled, or that the FDIC was exposed to a risk of loss. What must be proved is that the defendant intended to influence the FDIC by the false, forged, or counterfeit statement, document, or thing.

### INSTRUCTION NO. 38

### COUNT NINE: RECEIPT OF GIFTS FOR PROCURING LOANS

Defendant Melland is charged in Count Nine of the indictment with receiving gifts for procuring loans in violation of Section 215 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was an officer, employee, agent, or an attorney of a financial institution;

Second, the defendant solicited, demanded for the benefit of any person, or accepted or agreed to accept anything of value from any person in return for being influenced or rewarded in connection with any business or transaction of such institution; and

Third, the defendant acted corruptly, that is, intending to be influenced or rewarded in connection with any business or transaction of such institution.

### INSTRUCTION NO. 39

### COUNTS NINETEEN THROUGH THIRTY: MONEY LAUNDERING

The defendants are charged in Counts Nineteen through Thirty of the indictment with money laundering in violation of Section 1957 of Title 18 of the United States Code. In order for the defendants to be found guilty of those charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendants knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendants knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from wire fraud and bank fraud; and

Fifth, the transaction occurred in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "financial institution" means any bank insured by the Federal Deposit Insurance Corporation.

The term "criminally derived property" means any property constituting, or derived from, the proceeds of a criminal offense. The government must prove that the defendants knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense. The government does not have to prove that the defendant knew the precise nature of that criminal offense, or knew the property involved in the transaction represented the proceeds of bank fraud or wire fraud.

Although the government must prove that, of the property at issue more than $10,000 was criminally derived, the government does not have to prove that all of the property at issue was criminally derived.

**INSTRUCTION NO. 40**

**COUNT THIRTY SEVEN: ATTEMPTED OBSTRUCTION OF JUSTICE**

Defendant Lonich is charged in Count Thirty Seven of the indictment with attempted obstruction of justice in violation of Section 1512(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to obstruct, influence, or impede an official proceeding, namely, a federal criminal grand jury investigation in the Northern District of California;

Second, the defendant did so knowingly and corruptly; and

Third, the defendant did something that was a substantial step toward committing the crime.

If you find that the defendant only provided lawful, bona fide, legal representation services in connection with or anticipation of an official proceeding, namely, a federal criminal grand jury investigation in the Northern District of California, in relation to this Count, you must find the defendant not guilty of this crime.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

### INSTRUCTION NO. 41
### KNOWINGLY AND CORRUPTLY—DEFINED

Acting "knowingly and corruptly" means acting with consciousness of wrongdoing.

### INSTRUCTION NO. 42
### WILLFULLY—DEFINED

Willfully means undertaking an act with a bad purpose. In other words, in order to establish a willful violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful.

### INSTRUCTION NO. 43
### LEGAL LENDING LIMITS

You have heard reference at various times during the trial to the FDIC's and DFI's regulations about legal lending limits. These are civil statutes or regulations which limit the amount that a federally-regulated bank may lend to a borrower or related group of borrowers.

Violations of a bank's legal lending limit should not be considered by you as violations of the criminal law. You may consider, however, evidence of violations of a bank's legal lending limit as you would any other evidence in determining whether or not the defendants had the required intent to violate the criminal laws charged in this indictment.

## INSTRUCTION NO. 44

### DISCLOSURE OF PERTINENT FACTS TO LOAN COMMITTEE OR BOARD

In deciding whether any particular loan constitutes a misapplication or fraud, you must consider whether the loan was approved by or disclosed to the board of directors or any group to which the board delegated loan authority. Disclosure of pertinent facts concerning a loan to those in control of the bank may indicate that the bank was not deprived of the right to make its own decisions as to how the funds would be used. In determining whether any defendant harbored an intent to defraud with respect to each particular loan, you should consider whether the relevant facts regarding the loan were disclosed to the Board of Directors of the bank or to any group to which the board delegated loan authority.

## INSTRUCTION NO. 45

### GOOD FAITH

The good faith of a defendant constitutes a complete defense to any charge against him as to which you find that said defendant acted in good faith. A person who acts with an honest intention does not possess fraudulent intent. A person who expresses a belief or opinion honestly held does not have fraudulent intent even if his opinion is erroneous and his belief is a mistaken belief. Finding that a defendant merely made a mistake of judgment or an error in management or was careless is therefore not sufficient to establish fraudulent intent. The burden of proving criminal intent rests on the prosecution. A defendant is under no burden to prove good faith.

**INSTRUCTION NO. 46**

**TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES—**

**IMMUNITY, BENEFITS, ACCOMPLICE, PLEA**

You have heard testimony from Jim House, a witness who:

received benefits and favored treatment from the government in connection with this case;

admitted being an accomplice to certain of the crimes charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime; and

pleaded guilty to crimes arising out of the same events for which the defendants are on trial. This guilty plea is not evidence against the defendants, and you may consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of Jim House, you should consider the extent to which or whether his testimony may have been influenced by any of these factors. In addition, you should examine the testimony of Jim House with greater caution than that of other witnesses.

**INSTRUCTION NO. 48**

**DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

## INSTRUCTION NO. 49
## VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**IT IS SO ORDERED**.

Dated:

_____
SUSAN ILLSTON
United States District Judge