UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SEAN CUTTING, BRIAN MELLAND, and DAVID LONICH,<br><br>Defendants. | Case No. 14-cr-00139-SI-1<br>Case No. 17-cr-00139-SI<br><br>**ORDER GRANTING UNITED STATES' MOTION TO REOPEN CASE**<br><br>Re: Dkt. No. 609 (14-cr-00139)<br><br>Dkt. No. 187 (17-cr-00139) |

On November 30, 2017, defendants moved under Federal Rule of Criminal Procedure 29 for a judgment of acquittal based in part on their assertion that the government failed to prove the identities of the defendants during its case in chief. On December 1, 2017, the government filed a motion on this point, asking that the Court take judicial notice of the defendants' identities or reopen the case to allow the government to call witnesses to establish defendants' identities. Case No. 14-cr-00139, Dkt. No. 609; Case No. 17-cr-00139, Dkt. No. 187.

The Ninth Circuit has held that "a witness need not physically point out a defendant so long as the evidence is sufficient to permit the inference that the person on trial was the person who committed the crime." *United States v. Alexander*, 48 F.3d 1477, 1490 (9th Cir. 1995) (quoting *United States v. Darrell*, 629 F.2d 1089, 1091 (5th Cir. 1980)). This can be accomplished, for instance, "when the defendant's attorney himself identifies his client at trial" or when the witnesses fail "to point out that the wrong man had been brought to trial . . . ." *Id.* (citations omitted).

For the reasons stated in the government's brief, the Court finds that there is more than enough evidence in this case from which a rational trier of fact could find that the defendants are

the individuals who are charged in the indictments. *See id.* at 1490-91. Nevertheless, in an abundance of caution, the Court will **GRANT** the government's motion to reopen the case in the limited manner described in the motion. *See id.* at 1491 (finding it "strategically surprising," though not fatal, that the government did not reopen its case to clarify the evidence regarding the defendant's identity). The government has indicated that it can accomplish its task "through one or more witnesses first thing on Tuesday morning before closing argument in a process that would be expected to take less than ten minutes." Mot. at 7.

**IT IS SO ORDERED**.

Dated: December 4, 2017

SUSAN ILLSTON
United States District Judge