UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID LONICH, *et al.*,<br><br>Defendants. | Case No. 14-cr-00139-SI<br><br>Case No. 17-cr-00139-SI<br><br>**ORDER DENYING THE GOVERNMENT'S APPLICATION FOR A PRELIMINARY ORDER OF FORFEITURE MONEY JUDGMENT; DENYING REQUEST FOR RESTRAINING ORDER; AND DENYING MOTION TO INTERVENE AND STAY**<br><br>Re: Dkt. Nos. 707, 718 |

On June 1, 2018, the Court held a hearing regarding the government's renewed application for a preliminary order of forfeiture, the government's request for a restraining order, and the motion to intervene and stay filed by 101 Houseco LLC, Ananda Partners I, and 114 Park Lane Santa Rosa LLC.

The government seeks a forfeiture money judgment in the amount of $20,800,000.00 against defendant David Lonich, "as the amount of criminal proceeds obtained directly and indirectly from wire fraud and money laundering violations, and thus forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and the procedures outlined in Rule 32.2 of the Federal Rules and Criminal Procedures." Proposed Order at 1 (Dkt. No. 707-2).[1] The government asserts that the money judgment consists of the amount of proceeds Lonich obtained from the wire fraud and money laundering violations, $13,333,839.10, plus an additional

---

[1] This order cites the docket numbers in 14-cr-139 SI and not the corresponding docket numbers in 17-cr-139 SI.

$7,466,160.90 in appreciation. Dkt. No. 707 at 8-9. The government cites trial testimony and exhibits for the proposition that Lonich obtained the fraudulent loan proceeds through the various loans made to 101 Houseco, LLC, and that those proceeds were used to purchase PLV East. The government states that it will credit the money judgment with the net proceeds from the successful forfeiture and sale of the PLV East.

Defendant opposes the forfeiture. Defendant argues that the government has not shown that he has ever had an ownership interest in 101 Houseco, LLC or with respect to PLV East, and that the government did not show that defendant "obtained" the loan proceeds that were disbursed to 101 Houseco, LLC. Lonich has also filed a declaration in support of his opposition in which he states, "At no time was I a member of any entity that owned all or any portion of the real property commonly referred to as Park Lane Villas East. At no time have I ever held an ownership interest in 101 Houseco, LLC, or any of its members, or Park Lane Villas East. . . ." Lonich Decl. ¶ 21 (Dkt. No. 715).

The Court concludes that the government has not demonstrated that forfeiture money judgment is warranted against defendant Lonich. The government's argument that Lonich (and Madjlessi) controlled 101 Houseco, LLC is supported by the record of the criminal trial, and indeed there was considerable evidence that Lonich and Madjlessi created 101 Houseco, LLC in order to carry out the fraud and the money laundering. However, the government did not show that Lonich *owned* 101 Houseco, LLC, or that Lonich *obtained* the loan proceeds made to 101 Houseco, LLC. The government seeks a forfeiture money judgment against Lonich based upon the loans to 101 Houseco, LLC. The evidence at trial showed that the loans were obtained by 101 Houseco, LLC, and then payments were made from 101 Houseco, LLC to various entities (such as DebtX, House Construction, and Masma Construction); the loan proceeds were not disbursed to Lonich. Under these circumstances, the Court cannot find that Lonich "obtained directly or indirectly" property that is subject to forfeiture. *See* 18 U.S.C. § 982(a)(2)(A); *Honeycutt v. United States*, 137 S. Ct. 1626, 1635 (2017) (holding that criminal forfeiture under 21 U.S.C. § 853(a)(1), which authorizes forfeiture of property the defendant "obtained, directly or indirectly, as the result of" the crime, "is limited to property the defendant himself actually acquired as the

result of the crime," and there is no joint and several liability for criminal forfeiture).

Accordingly, the Court DENIES the government's application for a preliminary order of forfeiture money judgment, and DENIES AS MOOT the request for a restraining order and the motion to intervene.

**IT IS SO ORDERED**.

Dated: June 5, 2018

_____

SUSAN ILLSTON
United States District Judge