UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID LONICH, SEAN CUTTING, and BRIAN MELLAND,<br><br>Defendants. | Case No. 14-cr-00139-SI-1<br><br>**ORDER DENYING DEFENDANTS' MOTIONS FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. Nos. 941, 942, 965 |

Defendants David Lonich, Sean Cutting and Brian Melland have filed motions for compassionate release. For the reasons set forth below, the Court DENIES the motions.

## BACKGROUND

After a six week trial and seven days of deliberations, a jury returned guilty verdicts against all defendants.[1] The Court sentenced defendants on August 3, 2018. The Court sentenced Cutting and Melland to 100 months imprisonment to be followed by 36 months supervised release, and sentenced Lonich to 80 months imprisonment to be followed by 36 months supervised release.

---

[1] The jury found Cutting guilty on Count 1 (conspiracy to commit bank fraud), Count 2 (bank fraud), Count 5 (false bank entry regarding the Petaluma Greenbriar 5 ("PG5") loan), Count 6 (conspiracy to make false statements to the FDIC), Count 7 (misapplication of bank funds), Count 8 (false statements to the FDIC), Count 10 (conspiracy to commit wire fraud), Counts 11-15 (wire fraud), Counts 19-30 (money laundering) and Counts 32-36 (false bank entries regarding the condo letters). The jury found Cutting not guilty on Count 3 (false bank entry regarding the Petaluma Greenbriar 1 ("PG1") loan), Count 4 (false bank entry regarding the Petaluma Greenbriar 2 ("PG2") loan), and Count 16 (wire fraud regarding the Terra Capital partners email dated October 18, 2010). The jury found Melland guilty on Counts 1-8, Count 9 (receipt of gifts for procuring loans), Counts 10-15, 19-30, and 32-36, and not guilty on Count 16. The jury found Lonich guilty on Counts 1 and 2, 10-15, 19-30, 32-36, and Count 37 (obstruction of justice). As with his co-defendants, the jury found Lonich not guilty on Count 16.

Defendants self-surrendered in October 2018. Defendants' appeal is pending in the Ninth Circuit Court of Appeals. Cutting is incarcerated at USP Lompoc, Melland is at FCI Lompoc, and Lonich is at FPC Montgomery. Cutting's projected release date is November 6, 2025, Melland's projected release date is November 12, 2025, and Lonich's projected release date is June 19, 2024.

## DISCUSSION

Defendants filed their motions pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act, that statute provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id*.

U.S.S.G. § 1B1.13 provides the relevant policy statement for reductions in the term of imprisonment under 18 U.S.C. § 3582(c). In the application notes, the Sentencing Commission provides that "extraordinary and compelling reasons" exist under certain circumstances. Of relevance here are the following:

> **(A) Medical Condition of the Defendant.--**
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is--
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or

2

>>(III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> . . .
>
> **(D) Other Reasons.--**As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.[2]

Defendants request that the Court modify their sentences to time served and order that they serve the remainder of their original sentences in home confinement with family members. Defendants assert that they have shown "extraordinary and compelling" reasons for compassionate release because they have underlying medical conditions that make them particularly vulnerable to COVID-19, which is spreading throughout the federal penitentiary system. Melland is 51 years old, has hypertension and early coronary artery disease (which he concedes is controlled through medication), and he is at FCI Lompoc, which has the worst outbreak of COVID-19 in the federal system.[3] Cutting is 51 years old, has hypertension, high cholesterol, and may be pre-diabetic, and he is at USP Lompoc, which has also reported a significant number of COVID-19 cases.[4] Lonich is 65 years old, has a history of prostate cancer, and also has hypertension, high cholesterol, and sleep apnea. Lonich is at FPC Montgomery, which as of May 21, 2020, had only one reported case of COVID-19 (prison staff), but Lonich asserts that little testing has been done and that the numbers

---

[2] Other circumstances, not applicable here, include: defendants who are at least 65 years of age, are experiencing a serious deterioration of physical or mental health because of the aging process, and have served at least 10 years or 75 percent of the term of imprisonment; defendants whose minor child's caregiver dies or becomes incapacitated; or defendants whose spouse or registered partner becomes incapacitated, where the defendant would be the only available caregiver. U.S.S.G. § 1B1.13 cmt. n.1(C), (D).

[3] As of May 21, 2020, the Bureau of Prisons website reported that 291 inmates and 8 staff at FCI Lompoc were positive, and that 621 inmates and 10 staff had recovered. www.bop.gov/coronavirus/.

[4] As of May 21, 2020, the Bureau of Prisons website reported that 57 inmates and 8 staff at FCI Lompoc were positive, 2 inmates had died, and that 107 inmates and 104 staff had recovered. www.bop.gov/coronavirus/.

3

of positive cases at FPC Montgomery is likely much higher.

The government opposes defendants' motions on numerous grounds, asserting *inter alia*, that the Court lacks jurisdiction because defendants' appeals are pending and that defendants are a danger to society. The government also notes that Cutting and Melland have only served 18% of their sentences and that Lonich has served less than 25% of his sentence.

The Court has carefully reviewed the parties' papers and concludes that compassionate release is not warranted. As an initial matter, the Court is not persuaded by the government's argument that this Court lacks jurisdiction over the present motions,[5] and the Court has previously found that defendants are not a danger to the community. The Court is also very concerned about the spread of COVID-19 in the federal prison system, and especially about the outbreaks at FCI and USP Lompoc. However, while defendants have medical conditions (and in the case of Lonich, his age) that place them at higher risk of complications in the event they became infected with the virus, the Court finds that on this record none of the defendants is currently "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *See* U.S.S.G. § 1B1.13 cmt. N.1(A)(ii)(I). In addition, the Court finds it significant that defendants have served far less than half of their sentences.

Accordingly, the Court DENIES defendants' motions. The Court is not unsympathetic to the concerns defendants have raised. Defendants' motions are denied without prejudice to renewal in the event any defendant's health or prison conditions significantly deteriorates.

**IT IS SO ORDERED**.

Dated: May 21, 2020

SUSAN ILLSTON
United States District Judge

---

[5] The Court also finds that defendants have exhausted their administrative remedies by submitting administrative requests for compassionate release more than 30 days ago.